**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOUIS JUAREZ AGUIRRE,<br><br>            Plaintiff,<br><br>     v.<br><br>CONNIE GIPSON, et al..,<br><br>            Defendants. | CASE No. 1:13-cv-00604-LJO-DLB (PC)<br><br>FIRST SCREENING ORDER, DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

**I.     Background**

Plaintiff Louis Juarez Aguirre ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff filed his original complaint on April 26, 2013, and is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff is incarcerated at California State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names Connie Gipson (warden), C. Rodriguez (gang investigator), and Craig Hennes, Joseph Hurswill, and Jarrod Foote (sheriff deputies at Ventura County Jail) as defendants in this action.

Plaintiff alleges the following. On October 1, 2009, Plaintiff was placed in Administrative Segregation ("Ad-Seg") based on false, illegal, and unsubstantiated information received from Defendants Hennes, Hurswill, and Jarrod. On October 5, 2009, Defendant Rodriguez interviewed Plaintiff regarding the information being used to validate him as an associate of the Mexican Mafia. Defendant Rodriguez made the conclusion that Plaintiff's claims had no merit and did not warrant further investigation. On November 18, 2009, Plaintiff was validated as an associate of the Mexican Mafia based on the false, illegal, and unsubstantiated information received from the Ventura County Jail. On December 8, 2009, Plaintiff filed an administrative appeal challenging his validation as a gang member. Plaintiff contends that his rights were violated when defendants opened his mail for contraband outside his presence, in violation of the Ventura County Jail policy. Plaintiff exhausted his administrative remedies on June 28, 2010.

Plaintiff alleges violations of his due process rights under the Fourteenth Amendment. Plaintiff requests compensatory damages and injunctive relief to expunge his file and for release from Ad-Seg.

## III.    Analysis

### A.     Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake.

2

*Wilkinson*, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause or from state law. *Id.*  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).  If a protected interest is identified, the inquiry then turns to what process is due. *Wilkinson*, 545 U.S. at 224.

The assignment of validated gang members and associates to the Security Housing Unit ("SHU") is an administrative measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion." *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997)).  As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. *Bruce*, 351 F.3d at 1287 (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293 (1995)).  In addition to these minimal protections, there must be "some evidence" supporting the decision. *Id.* (citing *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)).  Although discussed in the context of a disciplinary hearing, the Ninth Circuit has stated that under the *Hill* standard, the evidence should have some indicia of reliability. *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).

Here, the Court finds that Plaintiff fails to state a due process claim, in violation of the Fourteenth Amendment.  Based on the exhibits Plaintiff provides with his complaint, Plaintiff

received the minimal procedural protections required by due process. Plaintiff received notice and had the opportunity to be heard before he was validated as a gang member. CSP used three different types of evidence to validate Plaintiff, including gang tattoos or symbols, an incident report from the Ventura County Sheriff's Department, and mail communications from CSP. Pl's Exh. A; ECF No. 1 at 11. Plaintiff has not alleged facts in his complaint that he has been denied periodic review of his validation. Accordingly, Plaintiff fails to state a due process claim.

### B. Supervisory Liability

Plaintiff names Warden Connie Gipson as a defendant.. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 677. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no facts which indicate that Defendant Gipson personally participated in the alleged deprivation of constitutional rights or knew of violations and failed to act to prevent them. Accordingly, Plaintiff fails to state any claims against Defendant Gipson.

## IV. Conclusion and Order

Plaintiff's Complaint fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part on other grounds, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 17, 2013**          /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE