# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS JUAREZ AGUIRRE,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE GIPSON, et al.,<br><br>Defendants. | Case No. 1:13-cv-00604 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 26] |

Plaintiff Louis Juarez Aguirre ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 26, 2013. On December 18, 2013, the Court dismissed Plaintiff's complaint with leave to amend. On February 26, 2014, Plaintiff filed a first amended complaint. On April 22, 2015, the Magistrate Judge issued Findings and Recommendations that the first amended complaint be dismissed without leave to amend for failure to state a claim. On May 11, 2015, the Court adopted the Findings and Recommendation in full and dismissed the first amended complaint, thereby terminating the action.

On May 22, 2015, Plaintiff filed the instant motion for reconsideration.

## DISCUSSION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

1

previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff requests reconsideration in order that he may supplement his complaint with additional claims and defendants based on events that occurred after the date of his first amended complaint. Plaintiff's arguments do not merit reconsideration of the order dismissing his complaint. As previously discussed, the first amended complaint failed to state any cognizable federal claims, and based on the nature of the deficiencies, leave to amend was not warranted. Plaintiff seeks to add additional claims and defendants based on a periodic review by the Institution Classification Committee conducted on February 4, 2015. Plaintiff's arguments do not alter the Court's conclusion that Plaintiff fails to state a due process claim insofar as Plaintiff fails to show he has been denied periodic review of his gang validation and that the decision was supported by "some evidence."

Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003); Superintendent v. Hill, 472 U.S. 445, 454 (1985).  In fact, the proposed supplement only serves to show that Plaintiff is in fact receiving periodic reviews.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **May 29, 2015**           /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE